[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
The plaintiffs, Johnny D. Smith and his wife, Deborah Smith, filed an employment intentional tort claim against the defendant, S V Equipment, Inc., for a knee injury allegedly sustained by Smith while he was transporting a skid of copy paper from a delivery truck down a ramp to the floor of a warehouse. After the issues were drawn by the pleadings, S V moved for a summary judgment, and the sustaining of such motion by the Court of Common Pleas of Montgomery County provides the basis for the present appeal to this court.
According to the facts, Mr. Smith went to work for S V, an Ohio corporation involved in the business of resale of office furniture and supplies, as a stock boy in June 1986. A few months later, he became a working warehouse manager for supplies, and his duties included loading and unloading trucks, stocking the shelves, and pricing the stock.
On June 22, 1995, S V maintained a business location at 341 South Jefferson Street which served as a warehouse and showroom for office furniture and supplies. On the west end of the S V building was the only dock door for receiving, shipping, and delivering office equipment, and upon entering the building through the dock door, one would enter onto a landing and then proceed forward down a concrete slope to a warehouse. The ramp measurements were ten degrees in slope, 14'4" in length, and 6'7" in width.
At the time of his injuries, Smith had worked for S V as a warehouseman for about twelve years, and he was familiar with the use of pallet jacks in the unloading of the delivery trucks. Ordinarily, the pallet jack lift truck would be placed under the skids of supplies, then lifted up and moved to the dock landing, but in order to negotiate the incline of the ramp, the forks would be lowered so that the skid or pallet would drag on the ramp surface as a friction brake. Then, depending on the weight involved, and with the forks facing up the ramp and with the operator below the forks and skid, the truck would creep down the ramp with the load until reaching the warehouse floor.
On June 22, 1995, and as required by his job at S V, Smith undertook the task of unloading a delivery of copy paper to the S V premises by using a pallet jack lift truck that had been purchased by his employer with a brake mechanism, but the brake was not functional as Smith attempted to move forty cartons of copying paper, which weighed approximately two thousand pounds. According to the testimony, skids of copy paper were considered to be "heavy loads" in terms of what was generally moved down the company ramp and deliveries of copy paper occurred much less frequently than routine deliveries.
As Smith was descending on the ramp in the usual manner, with the pallet dragging in order to slow the process, the load shifted and caused serious injuries to his left knee as he attempted to control the pallet jack lift truck and the displaced copy paper.
In this case, both the appellant, Smith, and the appellee, S V, recognize the applicability of the commentary set forth by the Supreme Court of Ohio in Van Fossen v. Bobcock Wilcox Co.
(1988), 36 Ohio St.3d 100, paragraph seven of the syllabus, as follows:
 Upon motion for summary judgment pursuant to Civ.R. 56, the burden of establishing that the material facts are not in dispute, and that no genuine issue of fact exists, is on the party moving for summary judgment. Harless v. Willis Ray Warehousing Co.
(1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 046. However, in that Civ.R. 56(E) requires that a party set forth specific facts showing that there is a genuine issue for trial, such party must so perform if he is to avoid summary judgment. Accordingly, in an action by an employee against his employer alleging an intentional tort, upon motion for summary judgment by the defendant employer, the plaintiff employee must set forth specific facts which show that there is a genuine issue of whether the employer had committed an intentional tort against his employee.
In the subsequent case of Fyffe v. Jeno's, Inc. (1991),59 Ohio St.3d 115, paragraph one of the syllabus, the Supreme Court further refined the evidentiary requirements of an intentional tort claim as follows:
 [I]n order to establish "intent" for the purpose of proving the existence of an intentional tort committed by an employer against his employee, the following must be demonstrated: (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation;
 (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task.
To borrow an oft-repeated phrase, the "totality of circumstances", as shown by the evidence in the present case, is hardly sufficient to overcome the first hurdle imposed in theFyffe case, and as to the second requirement of Fyffe, the depositions of the various employees of S V, including Mr. Smith, adequately dispel any motion that they were subjected to a procedure that was substantially certain to cause harm to them.
In fact, the appellant himself testified relative to the unfortunate accident as follows:
 Q. As far as you know, using this particular pallet jack, no warehouse employee had been injured from the time you had been working there up until the time of your accident, is that fair to say?
 A. There was minor accidents with'em, with boxes falling off on'em, coming down the ramp, but it was not serious enough to go to the hospital or get reported, because they didn't keep no log, anyway, when somebody got hurt.
 Q. As far as I understand, from what you said earlier, you were not aware of anybody being injured using this pallet jack before your accident?
A. That's correct.
 Q. Using it up to six thousand to twelve thousand times.
A. That's correct.
 Q. Okay. Was there something different about this load on that day involved in your accident?
A. No.
 Q. So you're saying the way you had done it on the day of the accident was the same way you had done it those thousands of times before this accident?
A. Yes, sir.
 Q. Was there anything different at all, as far as you know?
A. No.
Q. Okay, the pallet jack was the same?
A. Yes.
 Q. The load was the kind of load you had taken down there thousands of times?
A. Yes.
Q. The same ramp.
A. Yeah.
While such admissions by the employee may not be conclusive, such testimony does leave little doubt that injury from the procedure was not substantially certain to result from the manner in which the job was performed in this case. See Foust v. MagnumRestaurants, Inc. (1994), 97 Ohio App.3d 451, 455; Wehri v.Countrymark, Inc., (1992), 82 Ohio App.3d 535, 539; Zink v.Owens-Corning Fiberglas Corp. (1989), 65 Ohio App.3d 637, 643.
Additionally, Mr. Smith testified that he considered himself an experienced warehouse manager, experienced in unloading trucks, and experienced in bringing the loads down the ramp with the pallet jack provided for him.
Furthermore, the employee testified that he thought that he could get it down the ramp safely. And in the face of this candid observation of the highly-trained employee himself, how can it be said that the employer had knowledge and knew that the procedure was substantially certain to result in harm or injury to the employee. Here, S V undoubtedly had some awareness of the risk involved, and it may have been negligent, but the mere knowledge and appreciation of a risk is not intent. Fyffe, 59 Ohio St.3d 115, at paragraph two of the syllabus. See, also, Faust,97 Ohio App.3d at 456.
In support of the alleged error, the appellants also argue that the trial court should have considered their expert's opinion that the injury was substantially certain to occur, but rather than create a genuine issue of fact in this case, the expert's opinion was rendered almost nugatory by actual experience, which showed that the procedure, after having been used thousands of times, had not produced any serious injuries. By any standards, therefore, the opinion of the expert, even if admissible as evidence, was feeble when placed beside the testimony of the employee in these proceedings.
Ordinarily, a witness may not testify as an expert unless his testimony relates to matters beyond the knowledge or experience possessed by lay persons, Evid.R. 702, but nothing surfaces from this record to suggest that the expert, Roger Jensen, could better gauge the dangerousness of the workplace at S V than Mr. Smith, who had used the same ramp and equipment almost daily for many years. On the contrary, Dr. Jensen's education and experience probably transcended the needs of the subject matter in this case. Compare Jenkins v. Quincy Foundry Div. of Warren Tool Co. (Feb. 23, 1990), Logan App. No. 8-88-26, unreported.
In his affidavit, Dr. Jensen observed that the likelihood of injury at S V was "substantial" and that "it should have been obvious to the employer and his management team that occasionally an employee would fail to successfully execute this skillful maneuver," but his affidavit, though quite thorough, is not flexible enough to overcome the high hurdle imposed by the second element of the Fyffe case. In other words, the affidavit alone is insufficient to create a genuine issue of fact as to the knowledge of the employer.
When construed most favorably to the plaintiff-appellant, therefore, the evidence in this case shows some negligence, and possibly some recklessness, but as heretofore indicated, the mere knowledge and appreciation of a risk does not constitute intent. See Spates v. Richard E. Jones Assoc. (July 12, 1995), Montgomery App. No. 15057, unreported. Hence, the evidence presented was insufficient to raise a genuine issue of fact as to the second element of the Fyffe case.
Accordingly, the alleged error is overruled, and the judgment of the Common Pleas Court will be affirmed.
BROGAN, J., and WOLFF, J., concur
(Hon. Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
David R. Salyer
Stephen V. Freeze
Hon. Barbara P. Gorman