{¶ 38} I must respectfully dissent from the majority's disposition of the first assignment of error.
{¶ 39} I disagree with the majority's conclusion that the evidence presented supported the conclusion that Standby had knowledge that its failure to have a lockout/tagout procedure was substantially certain to cause harm to McKinley or any of its employees.
{¶ 40} As the majority states, the burden in proving "substantial certainty" is a difficult one. The employee must show that "the employer had `actual knowledge of the exact dangers which ultimately caused' injury." Sanek v. Duracote Corp. (1989), 43 Ohio St.3d 169, 172. Although the majority finds that prior incidents of shocks suffered by McKinley and the electrocution of McKinley's predecessor placed the employer on notice of the danger of not having a lockout/tagout procedure, these prior incidents were not caused by an employee turning on a machine while the machine was being repaired. According to McKinley's deposition testimony, a lockout/tagout procedure involves locking a mechanism onto the power switch so that the machine cannot be inadvertently turned on while it is being serviced. (McKinley Depo. at 63). Therefore, a lockout kit would not prevent shocks or electrocution caused by other means.
{¶ 41} Although I do not condone Standby's refusal to obtain a lockout/tagout kit when McKinley requested one, "mere knowledge and appreciation of a possible risk of injury" is not enough to sustain an employer intentional tort claim. Wehri v. Countrymark, Inc. (1992),82 Ohio App.3d 535, 538. The employer must have "actual knowledge of the exact dangers which ultimately caused the injury." Sanek, supra at 172. Establishing substantial certainty of harm is difficult where, as in this case, there are no prior incidents of a similar character evidencing a dangerous condition. Foust v. Magnum Restaurants, Inc. (1994),97 Ohio App.3d 451, 455. In fact, an absence of similar accidents, "strongly suggests" injury from the procedure was not substantially certain to occur. Id.
{¶ 42} Therefore, I would affirm the trial court's granting summary judgment on McKinley's intentional tort claim, but allow a remand with regard to the claim for retaliatory discharge.