{¶ 51} I agree that the conduct of their employees chargeable to Staffco Construction, Inc., and Shook Building group do not portray the active participation of those entities in the work of Concrete Coring Co.'s employees necessary for liability under the frequenter statute with respect to the proximate cause of the injuries that Michael Reno suffered.
 {¶ 52} On Reno's intentional tort claim against his employer, Concrete Coring Co., I agree that, on this record, reasonable minds could not find that the employer knew that the harm Reno suffered was substantially certain to occur. Clearly, he would be injured should the floor on which he was working give way, and could have been protected from the injury he suffered when it did had adequate shoring been employed. However, that the floor would give way as it did was the product of multiple contingencies of which no one was aware. That contrasts with the facts inBusch v. Unibilt Industries, Inc. (Sept. 22, 2000), Montgomery App. No. 18175, in which experience of prior, similar injuries as well as an employer-created defect which caused the mishap to occur supported the prospect of a finding of substantial certainty sufficient to defeat a motion for summary judgment.
 {¶ 53} Finally, I believe that the "shared risk" factor in Wheri v.Countrymark, Inc. (1992), 82 Ohio App.3d 535, can have only limited application, if any, in deciding a motion for summary judgment because it goes to the weight of the evidence construed, and that must favor the non-movant most strongly. Civ.R. 56(C). However, even absent the application of the Wheri shared risk factor, the evidence of substantial certainty of harm is plainly lacking on this record.
(Hon. Frederick N. Young, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).