SANEK, APPELLEE, v. DURACOTE CORPORATION, APPELLANT.

[Cite as Sanek v. Duracote Corp. (1989), 43 Ohio St. 3d 169.]

(No. 88-434—Submitted March 28, 1989—Decided June 14, 1989.)

*Amer, Cunningham & Brennan Co., L.P.A., Richard T. Cunningham, Jack Morrison, Jr.,* and *John C. Weisensell,* for appellee.

*Gallagher, Sharp, Fulton & Norman* and *Robert H. Eddy,* for appellant.

WRIGHT, J.   The principal issue before this court is whether the facts in the record are sufficient, as a matter of law, to allow the issue of whether the employer committed an intentional tort to go to a jury. We hold that the facts are insufficient and we reverse the appellate court.

Appellee's intentional tort action must be determined according to the standards set forth in the fifth and sixth paragraphs of the syllabus to *Van Fossen* v. *Babcock & Wilcox Co.* (1988), 36 Ohio St. 3d 100, 522 N.E. 2d 489, as follows:

"Within the purview of Section 8(A) of the Restatement of the Law 2d, Torts, and Section 8 of Prosser & Keeton on Torts (5 Ed. 1984), in order to establish 'intent' for the purpose of proving the existence of an intentional tort committed by an employer against his employee, the following must be demonstrated: (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty and not just a high risk; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task.

"To establish an intentional tort of an employer, proof beyond that required to prove negligence and beyond that to prove recklessness must be established. Where the employer acts despite his knowledge of some risk, his conduct may be negligence. Where the risk is great and the probability increases that particular consequences may follow, then the employer's conduct may be characterized as recklessness. As the probability that the consequences will follow further increases, and the employer knows that injuries to employees are certain or substantially certain to result from the process, procedure or condition and he still proceeds, he is treated by the law as if he had in fact desired to produce the result. However, the mere knowledge and appreciation of a risk—something short of substantial certainty—is not intent. (*Blankenship* v. *Cincinnati Milacron Chemicals, Inc.*

[1982], 69 Ohio St. 2d 608, 23 O.O. 3d 504, 433 N.E. 2d 572; and *Jones* v. *VIP Development Co.* [1984], 15 Ohio St. 3d 90, 15 OBR 246, 472 N.E. 2d 1046, explained.)''

As Justice Herbert Brown stated in *Kunkler* v. *Goodyear Tire & Rubber Co.* (1988), 36 Ohio St. 3d 135, 522 N.E. 2d 477, a case decided the same day as *Van Fossen,* the standard for establishing an intentional tort "emerges not so much from the words used to formulate the test as it does from the decisions rendered in response to specific fact situations. Such is the nature of the common law." *Id.* at 139, 522 N.E. 2d at 481.

In a case such as this, the employee at all times has the burden to demonstrate that the employer had knowledge amounting to substantial certainty that an injury would take place. *Pariseau* v. *Wedge Products, Inc.* (1988), 36 Ohio St. 3d 124, 127, 522 N.E. 2d 511, 514. The focus of an intentional tort action under the standards set forth in *Blankenship, Jones* and *Van Fossen, supra,* is on the knowledge of the employer regarding the risk of injury. The plaintiff has the burden of proving by a preponderance of the evidence that the employer had "actual knowledge of the exact dangers which ultimately caused" injury. *Van Fossen, supra,* at 112, 522 N.E. 2d at 501 (criticizing *Serna* v. *Statewide Contractors, Inc.* [1967], 6 Ariz. App. 12, 429 P. 2d 504). Appellant essentially argues that the trial court erred in not directing a verdict in its favor at the close of the evidence, and in not granting a judgment n.o.v. after the jury returned a verdict for plaintiff. The standard for granting a directed verdict and a judgment n.o.v. is the same. *McNees* v. *Cincinnati Street Ry. Co.* (1949), 152 Ohio St. 269, 40 O.O. 318, 89 N.E. 2d 138. The intentional tort issue goes to a jury only if there is probative evidence which, if believed, would permit reasonable minds to come to different conclusions as to the essential issue of the case. The court must not weigh the evidence or the credibility of the witnesses. The test for granting a directed verdict or a judgment n.o.v. is whether the movant is entitled to judgment as a matter of law when the evidence is construed most strongly in favor of the nonmovant. See *Pariseau, supra,* at 127, 522 N.E. 2d at 514. See, also, *Ruta* v. *Breckenridge-Remy Co.* (1982), 69 Ohio St. 2d 66, 23 O.O. 3d 115, 430 N.E. 2d 935.

As stated above, it is undisputed that prior to the accident appellant was never cited or ordered by OSHA inspectors to provide a guard for the moving shafts of these particular industrial mixers. Appellant could hardly be expected to have anticipated the actions of appellee which led to his injury. Analyzing the totality of the circumstances, appellant's actions under the facts in this case simply do not rise to the level of risk-exposure of appellee so egregious as to constitute an intentional wrong. The facts in this case, construed most strongly in favor of appellee, do not permit reasonable minds to conclude that the requirements of proving an intentional tort by Duracote were met. Nor would a cause of action lie under a simple common-law action for a tort premised on intentional misconduct by a tortfeasor.

It must be emphasized that "[t]here are many acts within the business or manufacturing process which involve the existence of dangers, where management fails to take corrective action, institute safety measures, or properly warn the employees of the risks involved. Such conduct may be characterized as gross negligence or wantonness on the part of the employer. However, in view of the

overall purposes of our Workers' Compensation Act, such conduct should not be classified as an 'intentional tort' and therefore an exception, under *Blankenship* or *Jones,* to the exclusivity of the Act." *Van Fossen, supra,* at 117, 522 N.E. 2d at 504-505.[1]

Accordingly, appellant's first and second propositions of law as to the propriety of a directed verdict and judgment n.o.v. are well-taken and we reverse the judgment of the court of appeals.[2]

This cause is remanded to the trial court for entry of final judgment in favor of appellant.

*Judgment reversed
and cause remanded.*

MOYER, C.J., HOLMES and H. BROWN, JJ., concur.

SWEENEY, DOUGLAS and RESNICK, JJ., dissent.

---

[1] Cf. *Pratt* v. *National Distillers & Chemical Corp.* (C.A. 6, 1988), 853 F. 2d 1329 (reversing the trial court's grant of a judgment n.o.v. because sufficient facts existed to allow the issue of an intentional tort to go to the jury). In *Pratt,* the management had circulated memoranda acknowledging the explosion hazards involved in a chemical manufacturing process using filter presses wherein previous explosions had occurred. Despite this knowledge, management assured workers that the process was safe while failing to provide a procedure to ensure that workers would use the correct ingredients necessary to remove the explosive product from the filter presses.

Such probative facts obviously do not exist in this case.

[2] Because of our disposition of those propositions of law, we need not address appellant's two remaining propositions of law.