**Sibert v. Columbus**
*[Cite as 4 AOA 427]*

Case No. 89AP-1339
Franklin County, (10th)
Decided June 28, 1990

Mr. Michael Garth Moore, for Appellants.

Mr. Ronald J. O'Brien, City Attorney and Mr. John P. Bessey, for Appellee.

BRYANT, J.

Plaintiff-appellant, James Stanley Sibert and his wife, Cheryl Lynn Sibert, appeal from a judgment of the Franklin County Court of Common Pleas directing a verdict on their intentional tort claim in favor of defendant-appellee, City of Columbus, at the close of plaintiff's case. The following is advanced as the single assignment of error:

"The trial court erred in granting the city a directed verdict on plaintiffs' intentional tort claim."

The standard of review for this appeal is dictated by Civ. R. 50(A)(4), which provides:

"*When Granted on the Evidence.* When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

The test for granting directed verdict is that the movant is entitled to judgment as a matter of law when the evidence is construed most strongly in favor of nonmovant. *Sanek* v. *Duracote Corp.*

(1989), 43 Ohio St. 3d 169, 172. Plaintiff's claim for an intentional tort goes to the jury only if there is probative evidence which, if believed, would permit reasonable minds to come to different conclusions as to the essential issue of the case. *Id.* Where substantial evidence exists in support of plaintiff's claim, the motion must be denied. *Pariseau* v. *Wedge Products, Inc.* (1988), 36 Ohio St. 3d 124, 127.

The facts, construed most favorably to plaintiff, reveal that at all times relevant to this case, plaintiff was employed by defendant, City of Columbus, Division of Water. Plaintiff was a member of a four-man work crew which consisted of a foreman, Edgar Belcher, plaintiff, and two coworkers, Cleve Valton, and Dennis Perry. The crew was one of many charged with the maintenance and repair of above and below the surface water lines throughout the city.

On September 5, 1986, the crew was instructed to repair an underground water main in the Darbyshire Road area of Columbus. In the process, an excavation approximately ten to twelve feet deep and six to eight feet across was undertaken through the asphalt surface. The configuration of the excavation was roughly rectangular. All the side walls were sloped with the exception of the northeast wall, which was nearly vertical. The composition of the dirt removed in the excavation was mud and various types of loose fill. During the actual excavation and prior to plaintiff's injury, a partial slide occurred in the vicinity of the northeast wall. No protective shoring or bracing had been used to buttress the walls of the excavation.

On September 6, 1986, the date of the accident, water had seeped from the side walls and had collected at the bottom of the excavation, necessitating the use of a pump and compressor. At various times during the day, a pickup truck and compressor were operating in close proximity to the excavation. At all times, a backhoe, operated primarily by Belcher, was stationed near the edge of the hole. In fact, Belcher positioned the shovel portion of the backhoe inside the excavation and against the northwest wall while the crew members were working inside the hole. Perry, Valton, and plaintiff in turn climbed down a ladder into the hole to work on an exposed water main bisecting northeast and northwest walls, at or near the bottom of the hole. While plaintiff was bent over working on the pipe, a chunk of asphalt dislodged from the northeast wall and struck plaintiff's back, causing a serious injury.

At the outset, we note that R.C. 4121.80, enacted August 22, 1986, speaks to intentional torts committed by the employer against his employee in the workplace. The Supreme Court of Ohio has held that retroactive application of this statute effects substantive rights in violation of Section 28, Article II, of the Ohio Constitution. See, *e.g., Van Fossen* v. *Babcock & Wilcox Co.* (1988), 36 Ohio St. 3d 100; *Kunkler* v. *Goodyear Tire & Rubber Co.* 1988), 36 Ohio St. 3d 135. Therefore, this cause is governed by common law.

In *Blankenship* v. *Cincinnati Milacron Chemicals*(1982), 69 Ohio St. 2d 608, the Supreme Court recognized the intentional tort exception to the exclusivity of the workers' compensation system in providing a remedy to injured workers; and in *Van Fossen, supra*, the Supreme Court articulated a three prong test for proving intent in an intentional tort:

"(1) [K]nowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within his business operation;

"(2) [K]nowledge by the employer that if employees are required by virtue of their employment to be subjected to such dangerous process, procedure, instrumentality or condition, then harm to them would be a substantial certainty, and not just a high risk;

"(3) [T]hat the employer, under such circumstances, and with such knowledge, did act to so require the employee to continue performing his employment task." *Id.* at 116.

Under the *Van Fossen* test, specific intent to injure is not required; knowledge on the part of an employer is the vital element of intent. *Id.*

Applying the foregoing test in the context of a Civ. R. 50(A)(4) motion, and construing the evidence most favorably toward plaintiff, we find that plaintiff has presented sufficient evidence to satisfy each element of the *Van Fossen* test.

The first prong of the *Van Fossen* test, knowledge by the employer of a dangerous condition within its business operation, is satisfied by the instant facts. Plaintiff's expert, Anthony Rago, testified that trenching and excavating was one of the most hazardous types of undertakings in the construction industry. In addition, the safety program manager for the city division of water testified that trenching and excavating, if not done properly, could present a high risk of serious injury and death.

The pivotal issue in this case, however, is the second prong of the *Van Fossen* test, knowledge and appreciation by the employer of a risk of harm amounting to a substantial certainty, as the trial court premised its decision on plaintiff's failure to satisfy this element of the test. Application of the second prong of *Van Fossen* necessarily involves the resolution of two distinct but dependent questions:

"(1) whether the degree of risk present rises to such a level that harm was certain or substantially certain to result, and

"(2) whether the employer had knowledge and appreciation of this risk." See *Kunkler, supra*, with respect to the substantial certainty question.

Plaintiff's expert, Rago, testified that the established safety standards for trenching and excavating which require "shoring and bracing" in an excavation of this type. Rago also testified that according to the standards and his own experience, the presence of water in the excavation required "special considerations" and in his opinion was "an accident waiting to happen." Rago also cited the presence of nonhomogeneous soil in the walls of the excavation as a warning sign of a potential cave-in. Perhaps most significantly, he testified that the partial slide from the northeast wall that had occurred the day prior to the accident was a "direct warning, a flashing red light saying something was wrong with the excavation." Finally, when asked by counsel if all the conditions present at the time of the accident gave rise to a risk that serious harm was certain or substantially certain, Rago answered in the affirmative. Plaintiff therefore has presented sufficient evidence of a certain or substantially certain risk of harm to withstand a directed verdict motion.

The second inquiry under the second prong of *Van Fossen* is employer's knowledge and appreciation of the high degree of risk. To this end, some language in the *Van Fossen* opinion is instructive:

"[T]he mere knowledge and appreciation of a risk–something short of substantial certainty–is not intent. The defendant who acts in the belief or consciousness that the act is causing an appreciable risk of harm to another may be negligent, and if the risk is great his conduct may be characterized as reckless or wanton, but it is not an intentional wrong. In such cases the distinction between intent and negligence obviously is a matter of degree. The line has been drawn by the courts at the point where the known danger ceases to be only a foreseeable risk which a reasonable person would avoid, and becomes *in the mind of the actor* a substantial certainty." *Id.* at 115. (Emphasis added.)

Hence, it appears that actual knowledge of the risk is a necessary element of intent. However,

the existence of this knowledge or intent may be inferred from conduct and the surrounding circumstances. *Jones* v. *VIP Development Co.* (1984), 15 Ohio St. 3d 90. Belcher, an experienced foreman, was present at the excavation site and was operating the backhoe at the time of the prior partial slide. Belcher knew that water was present in the bottom of the hole and he had ordered a pump and compressor brought to the site in order to remove it. He was also well aware of the composition of the soil of the remaining wall. Testimony also indicated that Belcher positioned the shovel portion of the backhoe inside the hole to provide both some support for the northeast wall and an additional escape route. A reasonable inference therefrom is that Belcher actually knew of the dangers which ultimately caused the injury. His knowledge of the hazardous physical characteristics of the excavation, combined with Belcher's twenty-plus years of experience as a crew foreman, provide a reasonable basis for the inference that defendant had actual knowledge of a risk amounting to a substantial certainty of serious injury. The fact that neither the plaintiff nor his two coworkers complained of the conditions is irrelevant to our inquiry. The focus of our inquiry with respect to intentional tort is not what the employees knew, but what the employer knew. See *Pratt* v. *National Distillers & Chemical Corp.* (C.A.6, 1988), 853 F. 2d 1329. (Employee ignorance of potentially hazardous reaction in the chemical mixing process combined with the employer's knowledge thereof provided the basis for a finding of intent under the *Van Fossen* test.)

Under the third prong of the *Van Fossen* test, plaintiff must introduce evidence that the defendant, with the knowledge set forth above, continued to subject plaintiff to the hazard. Ample evidence exists in the record that this operation proceeded in a "business as usual" manner. No evidence suggests that plaintiff or his coworkers were warned of any heightened degree of danger or ordered to take additional safety precautions. Although shoring and bracing was readily available, none was ordered. Plaintiff has presented competent evidence in satisfaction of the third and final element of *Van Fossen*.

We note that in *Van Fossen, supra,* the Supreme Court expressly accepted a fact pattern remarkably similar to the one in this case as an example of facts which could provide the inference of an intentional tort. *Id.* at 112, 114. In discussing those facts, the Supreme Court noted that because the employer therein actually knew of the exact dangers that caused the cave-in and was aware of

the high probability of serious injury, summary judgment would not be warranted under Ohio's "intentional tort" exception. *Id.* at 112. Although the facts therein are not identical to those in the present case, a comparison of the present facts to those discussed in *Van Fossen* leads us to conclude that the facts herein create at least a reasonable inference of intent on the part of defendant.

In the final analysis, we find that plaintiff has presented sufficient evidence which would permit reasonable minds to come to different conclusions on the essential issues in this case. The sole assignment of error is sustained, the judgment of the trial court is reversed, and this cause is remanded for further proceedings in accordance with this opinion.

> *Judgment reversed and*
> *cause remanded.*

REILLY, P.J., and RADCLIFFE, J., concur.

RADCLIFFE, J., of the Ross County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.