**LUCAS, Exr., Appellant,**

**v.**

**R.C.A. RUBBER COMPANY, Appellee.**

[Cite as *Lucas v. R.C.A. Rubber Co.* (1994), 93 Ohio App.3d 389.]

Court of Appeals of Ohio,
Summit County.

No. 16212.

Decided Feb. 16, 1994.

Walter Vogel and Daniel Wilson, for appellant.

John Solomon, for appellee.

BAIRD, Judge.

This cause was heard upon the appeal of Maria I. Lucas, executor of the estate of John Lucas, from a judgment in the Summit County Court of Common Pleas granting summary judgment to R.C.A. Rubber Company ("R.C.A."). We affirm.

On November 4, 1989, John Lucas was killed when the elevator which he was repairing fell and crushed him. At the time, Lucas was employed by R.C.A. His supervisor, John Spinks, instructed Lucas and another employee, Warner Shears, to repair the chevron packing on a hydraulic elevator which operated between the first two floors of the plant. Spinks told the two men that, in order to repair the elevator, it would have to be supported with two steel pipes. This procedure had been used in the past to support the elevator for repair. Despite this fact, when Lucas went to retrieve the pipes, he took only one, insisting to his co-worker that one pipe would provide sufficient support.

The elevator was lowered onto the one pipe, and the power to the elevator was turned off. Lucas entered the elevator pit and began the repair. The supporting pipe began to bend, and the elevator came down on Lucas.

Lucas' estate filed suit against R.C.A., alleging that R.C.A. had committed an intentional tort against Lucas. R.C.A. moved for summary judgment, which was granted by the trial court.

It is from this judgment that the executor of Lucas' estate appeals, asserting a single assignment of error:

"The trial court erred and abused its discretion in granting defendant-appellee's motion for summary judgment because:

"1. Reasonable minds could come to different conclusions based on the parties' affidavits.

"2. It weighed the evidence in reaching its decision.

"3. It totally disallowed the potential probative effect of circumstantial evidence.

"4. It determined the credibility of competing affidavits attached to the parties' summary judgment pleadings."

Appellant argues that a material issue of fact existed as to whether R.C.A. committed an intentional tort against Lucas, and that summary judgment was, therefore, inappropriate.

 In order to prove that an intentional tort was committed against an employee, the employee must prove:

" * * *(1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task." *Fyffe v. Jeno's, Inc.* (1991), 59 Ohio St.3d 115, 570 N.E.2d 1108, paragraph one of the syllabus.

The Supreme Court of Ohio has explained that the burden is upon the plaintiff to establish these elements by proof beyond that required to prove negligence and beyond that necessary to prove recklessness. *Id.* at paragraph two of the syllabus; *Brady v. Safety–Kleen Corp.* (1991), 61 Ohio St.3d 624, 631, 576 N.E.2d 722, 727. Appellant has not shown that R.C.A. had the requisite knowledge that harm to its employee was substantially certain to occur in using the procedure which it instructed Lucas to use in fixing the elevator.

 In order to show that R.C.A. had knowledge that the procedure used by Lucas was substantially certain to cause harm to its employee, Lucas would be required to demonstrate that R.C.A. had " 'actual knowledge of the exact dangers which ultimately caused injury.'" *Ortiz v. Elyria Foundry Co.* (Oct. 21, 1992), Lorain App. No. 5302, unreported, at 5, 1992 WL 308556, quoting *Sanek v. Duracote Corp.* (1989), 43 Ohio St.3d 169, 172, 539 N.E.2d 1114, 1116. The evidence set forth in opposition to the motion for summary judgment does not show this actual knowledge by R.C.A. R.C.A. had used the procedure which

Lucas was instructed to employ in repairing the elevator in the past without incident.

In support of its allegation that R.C.A. knew of the danger and was substantially certain that harm would occur, appellant cites the testimony of R.C.A.'s expert on elevator repair. The expert stated that a hydraulic elevator is properly and safely repaired by first relieving the pressure on the hydraulic fluid and manually lowering the elevator into place. Also, appellant relies on an OSHA citation which was issued to R.C.A. following the accident. However, the fact that the procedure which Lucas was instructed to use to repair the elevator was not the safest or even the correct procedure to use does not negate the fact that R.C.A. was not on notice of any problems with the procedure prior to the accident, as it had been used successfully in the past. Therefore, R.C.A. could not have been substantially certain that using the procedure would result in harm to its employee.

Furthermore, Lucas did not follow instructions in trying to repair the elevator. The evidence shows that Lucas used one pipe instead of two to support the elevator while he attempted to repair it. R.C.A. "could not have been expected to anticipate the actions of [its] employee" in that regard. *Ortiz* at 5.

Appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and REECE, J., concur.