JUDGES: Hon. W. Scott Gwin, P.J., Hon. William B. Hoffman, J. and Hon. W. Don Reader, J.
 OPINION
Appellants Thomas and Sandra Boyes appeal a judgment of the Alliance Municipal Court issuing a Writ of Restitution on a Complaint in Forcible Entry and Detainer:
ASSIGNMENTS OF ERROR:
 I. WHETHER THE COURT ERRED IN FAILING TO GRANT A DIRECTED VERDICT FOR THE DEFENDANT AT THE CONCLUSION OF PLAINTIFF'S CASE IN CHIEF FOR THE FOLLOWING REASONS:
 A. PLAINTIFF FAILED TO PROVIDE ANY CREDIBLE EVIDENCE OF NONPAYMENT OF RENT OF THE DEFENDANTS.
 B. THE PLAINTIFF FAILED TO PROVE STATUTORY COMPLIANCE THAT REQUIRES NOTICE TO VACATE PREMISES BE SERVED THREE DAYS PRIOR TO THE FILING OF THE COMPLAINT.
 II. THE COURT ERRED WHEN IT ADMITTED PLAINTIFF'S EXHIBIT "A" (THREE DAY NOTICE TO LEAVE PREMISES).
Appellee Joseph Larkin filed the instant action in forcible entry and detainer seeking to evict appellants from rental property. The complaint stated that appellants failed to pay rent for June of 1997.
The case proceeded to an eviction hearing in the Alliance Municipal Court. Appellee did not appear for the hearing. The only witness presented by appellee was Mike Cindea, a friend of appellee's, who assisted appellee in taking care of some of his property. Mr. Cindea testified that he had no personal knowledge of non-payment of rent. He testified that he did not personally collect rent, and had nothing to do with collecting money for the rental property. Following presentation of appellee's case, appellants moved for directed verdict. The motion was overruled. Following the hearing, the court issued the Writ of Restitution. The hearing on the issue of damages and on the counter-claim was stayed pending outcome of this appeal.
 I.
Appellants first argue that the court erred in failing to direct a verdict, as appellee failed to present any evidence of non-payment of rent.
Our standard of review in considering a claim that the court erred in failing to direct a verdict is whether there is probative evidence, which if believed, would permit reasonable minds to come to different conclusions as to the essential elements of the case, construing the evidence in a light most favorable to the non-moving party. Sanek vs. Duracote Corporation (1989), 43 Ohio St.3d 169.
In his case-in-chief, appellee presented no credible evidence of non-payment of rent. Non-payment of rent was the sole stated basis for the eviction. Mr. Cindea testified that he had no knowledge whatsoever of appellants' payment history. He repeatedly testified that he had nothing to do with collecting rent on the property.
Appellee's reliance on the Three Day Notice to Vacate is misplaced. The three-day notice stated that non-payment of rent was the alleged reason for the eviction. However, this statement of the alleged reason for eviction is not sufficient evidence, standing alone, to prove that appellants failed to pay their rent.
As appellee failed to prove the stated reason for the eviction, the court erred in failing to direct a verdict in favor of appellants.
The first Assignment of Error is sustained.
 II.
This Assignment of Error is rendered moot by our disposition of Assignment of Error I.
The judgment of the Alliance Municipal Court is vacated. Pursuant to App.R. 12 (B), we hereby enter final judgment dismissing the Complaint in Forcible Entry and Detainer.
This case is remanded to the Alliance Municipal Court for further proceedings concerning the counter-claim.
By: Reader, J., Gwin, P. J. and Hoffman, J. concur.
 JUDGMENT ENTRY
CASE NO. 1997CA00292
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Alliance Municipal Court is vacated. Pursuant to App.R. 12 (B), we hereby enter final judgment dismissing the Complaint in Forcible Entry and Detainer.
This case is remanded to the Alliance Municipal Court for further proceedings concerning the counter-claim. Costs to appellee.