OPINION
On July 31, 1993, appellant Kevin Parker was asked by a family friend if he would be interested in earning income at a side job. The work would involve cleaning light bulbs and globes at the Timken factory located in Ashland, Ohio. Prior to starting the job, appellant was aware that the job would involve working at heights of ten to twenty feet. Appellant had been employed in the past as a tree trimmer.
After arriving at the Timken plant, appellant met the supervisor for appellee JJJS, Inc., for the first time. Appellee JJJS was a corporation doing business under the name of appellee The Held Company. The company provided industrial cleaning services on a contract basis to various businesses. Howard Fischer, the supervisor for appellees, gave appellant and the other workers directions on how to perform the work. The work was to be accomplished by the use of ceiling crane, with scaffolding planks set across the crane. Appellant and his fellow laborers were instructed to sit on the plank, remove the light bulbs, and hand them down to an employee on the ground to be washed. Appellant would then wash the globe, and replace the light bulb when it was returned to him from the employee on the ground. Appellant was instructed to sit in the middle of the scaffolding to change the light bulb. Appellant was not instructed to stand up or walk on the scaffolding.
After approximately thirty minutes of work, appellant was having difficulty clicking a light bulb into place. He stood up on the scaffolding and walked toward the end of the plank, causing the plank to become dislodged. Appellant fell, striking the equipment below. Appellant broke his jaw, and suffered other injuries.
Appellant filed the instant action alleging employer intentional tort. The Richland County Common Pleas Court dismissed his complaint on summary judgment. Appellant assigns a single error:
ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.
We note at the outset that appellant attached several affidavits to his brief which were not filed in the trial court. These affidavits include an affidavit of appellant dated April 15, 1994, an affidavit of Sean Harper dated April 15, 1994, an affidavit of William McDaniel dated April 15, 1994, and an affidavit of appellant dated July 20, 1994. These affidavits appear to have been filed before the Industrial Commission, but do not bear a file stamp of the Richland County Common Pleas Court. The docket and the file transmitted to this court on appeal do not reflect that these affidavits were filed in the trial court. Accordingly, we cannot consider these affidavits on appeal.
In order to establish intent for the purpose of proving the existence of an intentional tort committed by an employer against his employee, the following must be demonstrated: (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality, or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such danger, harm to the employee will be a substantial certainty, and not just a high risk; and (3) the employer under such circumstances, and with such knowledge, required the employee to continue to perform the dangerous task.Van Fossen vs. Babcock Wilcox Company (1988), 36 Ohio St.3d 124, paragraph five of the syllabus. Proof beyond that required to prove negligence and beyond that to prove recklessness must be established. Id. at paragraph six of the syllabus. Where the employer acts despite his knowledge of some risk, his conduct may be negligent. Id. Where the risk is great and the probability increases that particular consequences might follow, the conduct may be characterized as recklessness. Id. As the probability that the consequences will follow further increases, and the employer knows that injuries are certain or substantially certain to result, and he still proceeds, he is treated by the law as if he had, in fact, desired to produce the result. Id. However, the mere knowledge and appreciation of a risk is not intent. Id.
The plaintiff has the burden of proving by a preponderance of the evidence that the employer had actual knowledge of the exact dangers which ultimately caused the injury. Sanek vs. DuracoteCorporation (1989), 43 Ohio St.3d 169, 172. An employer has no duty to anticipate that an employee will fail to follow instructions. Id. There are many acts within the business or manufacturing process which involve the existence of dangers, where management fails to take corrective action, institute safety measures, or properly warn the employees of the risk involved.Id. Although such conduct may be characterized as gross negligence or wantonness on the part of the employer, such conduct does not rise to the level of an intentional tort. Id. at 172-173.
In the instant case, reasonable minds could only conclude that while the scaffolding setup used by appellees may have constituted negligence, it did not rise to the level of an intentional tort. It is undisputed that the employees were instructed to sit on the plank to change the light bulbs. It is also undisputed that appellant stood up on the plank, and walked to the unattached end of the plank. Appellees are not required to anticipate that appellant would fail to follow these instructions. The evidence is also undisputed that the crane would move the employees sitting on the scaffolding to whatever light bulb he needed to reach.
Reasonable minds could only conclude that appellees were not substantially certain that injury would occur in the exact nature that it occurred in the instant case. Although there was evidence that employees had close calls where the scaffolding was teetering, the evidence also reflected that in twelve years of cleaning the light bulbs in this manner, no one had fallen from the scaffolding. Appellant argues that it is substantially certain that if a employee fell from the height at which the scaffolding was placed, he would be injured. However, the evidence does not demonstrate that it was substantially certain that an employee would stand on the scaffolding, against the express instructions of the employer, and cause the scaffolding to tilt. In addition, there is evidence that the scaffolding set up violated OSHA standards. However, this is not sufficient to demonstrate knowledge to a substantial certainty that injury would occur. There is no evidence that appellees were cited for any OSHA violations for the manner in which the scaffolding was set up.
As noted by the trial court, while appellees would presumably be aware that an employee could fall from the scaffolding, the mere potential for an accident is insufficient to establish that the employer knew that the process or condition would, with substantial certainty, cause injury to an employee.
The Assignment of Error is overruled.
The judgment of the Richland County Common Pleas Court is affirmed.
By: Reader, J., Gwin, P. J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Richland County Common Pleas Court is affirmed. Costs to appellant.