Being unable to agree with the majority, I respectfully dissent.
Construing all reasonable inferences in a light most favorable to the non-moving party, I believe appellant failed to meet his burden of establishing a genuine issue of material fact on the first or second elements of the Fyffe test. Fyffe v.Jeno's, Inc. (1991), 59 Ohio St.3d 115. In order to establish intent on the part of an employer, the employee must prove knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation, and knowledge that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition within its business operation, then harm to the employee will be a substantial certainty. The proof required to establish an intentional tort must be beyond that required to prove negligence or recklessness. Hannah v. Dayton Power LightCo. (1998), 82 Ohio St.3d 482, 484, citing Van Fossen v. Babcock Wilcox Co. (1988), 36 Ohio St.3d 100, paragraph six of the syllabus. The plaintiff must prove by a preponderance of the evidence that the employer had actual knowledge of the exact dangers which ultimately caused injury. Sanek v. Duracote Corp.
(1989), 43 Ohio St.3d 169, 172. Evidence that the employer knew, to a substantial certainty, that harm would result often must be demonstrated through circumstantial evidence and inferences drawn from the evidence. Emminger v. Motion Savers, Inc. (1990),60 Ohio App.3d 14, 17. A determination that harm is substantially certain to occur often turns on the nature of the dangerous condition, prior accidents, and the employer's knowledge of the degree of risk involved. Taulbee v. Adience, Inc., BMI Div.
(1997), 120 Ohio App.3d 11, 20-21.
Here, the exact danger which caused appellant's injury was electrocution due to electricity arcing from the transformer. While appellant's supervisor was aware that there was a danger of electrocution due to appellant coming in contact with energized electrical components, he did not know that dust thrown up by a jackhammer could conduct electricity or that electric current can arc from a live transformer. Moreover, appellee is in the business of installing electrical and telephone conduit, and it had worked around live electricity on numerous occasions over its fifteen-year history and none of its employees had ever before experienced an electrical accident. Without the knowledge that its employee was engaged in a procedure that could result in electricity arcing from the transformer, appellee cannot be charged with having "`actual knowledge of the exact dangers which ultimately caused'" injury. Sanek, supra, at 172. Accordingly, I would affirm the judgment of the trial court.