I must respectfully dissent from the majority's disposition of the first assignment of error as I would affirm the trial court's grant of defendant-appellee's summary judgment motion. Although the arguments and theory propounded by the plaintiff are compelling, the evidence before the trial court is controlling. In evaluating the evidence proffered by the plaintiff-appellant, it is clear that she has failed to satisfy the three prong test enunciated in Fyffe v. Jeno's Inc. (1991),59 Ohio St.3d 115, 118:
 1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation.
 2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty.
 3) that the employer under such circumstances and with such knowledge, did act to require the employee to continue to perform the dangerous task. (Emphasis sic.)
A plaintiff who asserts an intentional tort claim must prove by a preponderance of the evidence that the employer had actual knowledge of the exact dangers which ultimately caused injury. Sanek v. Duracote Corp. (1989), 43 Ohio St.3d 169, 172, 539 N.E.2d 1114. (Emphasis sic.) Cited with approval by Cross v. Hydracrete Pumping Company, Inc. (1999),133 Ohio App.3d 501, 728 N.E.2d 1104.
The majority cites Fyffefor the proposition that the risk of harm must be `relatively high' to reach the level of substantial certainty. The actual language used by the Supreme Court on the issue of what level of conduct permits a finding that a particular injury was substantially certain to occur was as follows:
 Where the employer acts despite his knowledge of some risk, his conduct may be negligence. As the probability increases that particular consequences may follow, then the employer's conduct may be characterized as recklessness. As the probability that the consequences will follow further increases, and the employer knows that injuries to employees are certain or substantially certain to result from the process, procedure or condition and he still proceeds, he is treated by the law as if he had in fact desired to produce the result. However, the mere knowledge and appreciation of a risk — something short of substantial certainty — is not intent. Fyffe, supra, at 118. (Emphasis sic.)
It is also important to note that "in the arena of intentional tort, an `actual knowledge' standard is used in determining whether an employer knew that an injury was substantially certain to occur. Burkey v. Teledyne Farris Engineering (June 30, 2000), Tuscarawas App. No. 1999AP030015, unreported. What a reasonable person should have known is not sufficient. Id.
Substantial certainty means that if an injury is the probable consequence of an act, then the act was substantially certain to have produced the injury." Richie v. Rogers Cartage Co. (1993),89 Ohio App.3d 638, 644, 626 N.E.2d 1012, 1016. Bates v. Tenable Sec. (Oct. 7, 1999), Cuyahoga Cty. App. No. 76449, unreported. The question of "substantial certainty" is dependent upon the individual facts of each particular case. Id.
In the instant case, the uncontroverted evidence established that the accident which killed the decedent would not and could not have happened absent the confluence of at least three separate and distinct occurrences. These three risk factors were the premature removal of the kicker, the failure of the decedent to properly position himself on top of one of the two tables in his work area, rather than between the two tables, and the operator's negligence in permitting the crane hook to bump the frame. If any of these factors were not present at the precise time of the accident, the accident would almost certainly not have occurred, according to the appellant's own expert. There is no evidence in the record that the appellee had knowledge of any of these three causal factors, yet the majority somehow concludes that there exists a genuine issue of fact as to whether the accident, which took the life of the decedent, was substantially certain to occur.
The hook crane would not have struck the frame if not for the operator's negligence. Even after the hook crane struck the frame, the frame would not have fallen over if the kicker had not been prematurely removed. Finally, even if we assume that the appellee knew that the alleged malfunctioning of the crane hook could cause the frame to topple over, the record still demonstrates that the accident could not have happened had the decedent not improperly placed himself between two tables. Thus, the exact dangers which caused the appellant's injury were the faulty operation of the crane hook, the removal of the kicker and the decedent's positioning of himself. Sanek, supra, at 172.
The majority's conclusory assertion that a reasonable jury could find that LTV knew that injury was substantially certain to occur to an employee required to work with the malfunctioning crane, or in the same vicinity ignores the overwhelming weight of the evidence in the record. Per the holding of the Ohio Supreme Court in Sanek and this court in Cross, a plaintiff must present evidence that his employer had actual knowledge of the exact dangers which ultimately caused injury. It is conceded in the case sub judice by the appellant that this employer did not have actual knowledge of the exact dangers which caused the decedent's death.
The majority states in its opinion that there is a genuine issue of fact as to why the crane hook bumped the frame. With all due respect, that is not the relevant issue before this court. The only relevant issue is whether the appellee knew that the crane hook was a dangerous instrumentality and knew with substantial certainty that the appellant would be harmed if subjected to this instrumentality. The mere fact that the appellee might have had notice of some mechanical difficulties with the crane prior to the accident is not nearly enough for this court to conclude that the appellee knew that the accident was substantially certain to occur. No reasonable person reviewing the record in this case could conclude that the appellee exhibited the sort of willful indifference necessary to impose liability on an employer under the doctrine of intentional tort.
The majority opinion effectively permits plaintiffs to create a genuine issue of fact in an employment intentional tort case merely by producing evidence of negligence on the part of the employer in failing to remedy machine defects, even where there is no reason to believe that the employer had knowledge or a belief that the malfunctioning would likely lead to serious injury. This standard is an unfair and unrealistic burden to impose given the realities of the industrial work place and is in stark contravention with the controlling precedent in this state. As the Court concluded in Sanek v. Duracote Corp., supra, at 172-173:
 It must be emphasized that "[t]here are many acts within the business or manufacturing process which involve the existence of dangers, where management fails to take corrective action, institute safety measures, or properly warn the employees of the risks involved. Such conduct may be characterized as gross negligence or wantonness on the part of the employer. However, in view of the overall purposes of our Workers' Compensation Act, such conduct should not be classified as an `intentional tort' and therefore an exception, under Blankenship or Jones, to the exclusivity of the Act." Van Fossen, supra, at 117, 522 N.E.2d at 504-505. (Footnote omitted.)
The majority's unsupported assertion that the mere fact that the crane which allegedly was defective was used for the purpose of lifting heavy objects made the injury substantially certain to occur sets a dangerous precedent. Henceforth, any allegation of negligence in the maintenance and upkeep of a potentially dangerous machine or tool on the part of an employer will be enough to create an issue of fact and defeat a motion for summary judgment. Such a standard operates to extinguish the second and third prong of the three prong test enunciated by the Supreme Court in Fyffe, supra, and completely ignores the actual knowledge requirement on the part of the employer.
Work place intentional torts are limited to egregious cases. Sanek, supra, at 172. While the facts of the present case are tragic, and the resulting death made worse with the knowledge that they could have been avoided, there simply was no evidence presented by appellant to establish all of the components of an intentional tort claim as set forth by the Supreme Court of Ohio in Fyffe.
Without knowledge of the negligent operation of the crane hook, the improper removal of the kicker and the decedent's dangerous positioning of himself, the appellee cannot be charged with having "actual knowledge of the exact dangers which ultimately caused" injury. Accordingly, I would affirm the judgment of the trial court.