OPINION
Appellant Stanley Miller Construction Company appeals a judgment of the Holmes County Common Pleas Court awarding appellee Johnson Steel Erectors, Inc., damages in the amount of $37,542.86 plus interest at the rate of eighteen percent for violation of Ohio's Prompt Pay Act:
 ASSIGNMENTS OF ERROR "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR AS A MATTER OF LAW IN DENYING APPELLANT'S MOTION FOR DIRECTED VERDICT WHEN APPELLEE PRESENTED NO EVIDENCE AT TRIAL TO SUPPORT ITS PROMPT PAY ACT CLAIM.
 "II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR AS A MATTER OF LAW WHEN IT DENIED APPELLANT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT, WHEN CONSTRUING THE EVIDENCE PRESENTED MOST STRONGLY IN FAVOR OF APPELLEE, REASONABLE MINDS CAN COME TO BUT ONE CONCLUSION, AND THAT CONCLUSION IS ADVERSE TO APPELLEE ON APPELLEE'S PROMPT PAY ACT CLAIM.
 "III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR AS A MATTER OF LAW BY FAILING TO INSTRUCT THE JURY THAT APPELLANT UNDER THE PROMPT PAY ACT MAY WITHHOLD FROM APPELLEE AMOUNTS THAT MAY BE NECESSARY TO RESOLVE DISPUTED LIENS OR CLAIMS INVOLVING THE WORK OR LABOR PERFORMED AND MATERIAL FURNISHED BY APPELLEE."
Appellee Johnson Steel Erectors, Inc., cross appeals, assigning error to the court's summary judgment in favor of appellee Iron Workers Local 549 550 Fringe Benefit Funds, and the failure to award attorney fees against appellant Stanley Miller Construction:
 "I. THE TRIAL COURT ERRED, TO THE PREJUDICE OF JOHNSON STEEL WHEN IT RENDERED SUMMARY JUDGMENT IN FAVOR OF THE IRONWORKERS.
 "II. THE TRIAL COURT ERRED, TO THE PREJUDICE OF JOHNSON STEEL WHEN IT FOUND ATTORNEYS' FEES WERE NOT RECOVERABLE."
On February 23, 1998, appellant entered into a written agreement with the West Holmes Local School District to build a new high school. Appellant, as the general contractor, entered into a written agreement with appellee, as a subcontractor. For the sum of $271,850, appellee Johnson was to provide labor and materials for steel erection on the West Holmes High School project.
During the course of construction, several disputes arose between appellant and appellee Johnson, concerning specifically the movement of steel on the job site, and work involving a canopy area over the entrance to the new building.
In August of 1999, when problems with steel fabrication developed for the canopy area, appellant asked appellee Johnson to bid for extra work on the project outside the scope of the original contract so that the job could be completed. Appellee made such a bid, which appellant rejected as unreasonably high for the required work. In addition to rejecting the bid, appellant asked appellee to leave the job site, believing the inflated bid indicated an unwillingness to work on the project. While appellee maintained that it would complete work under the original contract even if appellant hired another entity to come in and finish the additional work on the canopy, appellee was ordered off the job site.
Appellee sent appellant a final invoice for the amount due for the work performed under the contract. When appellant failed to pay in full, appellee brought the instant suit for breach of contract and violation of Ohio's Prompt Pay Act.
At the same time, appellee Iron Workers Local 549 550 Combined Benefits Funds brought an action against appellant, appellee, and several other defendants for payment of money due to the Iron Workers for work performed on the job site for Johnson Steel. The case was consolidated by the trial court with the action by Johnson Steel against Stanley Miller. The Iron Workers' motion for summary judgment against Johnson was sustained, and the court entered judgment in favor of the Iron Workers in the amount of $33,042.93, plus liquidated damages in the amount of $7,797.04.
The case between appellant and appellee Johnson proceeded to jury trial in the Holmes County Common Pleas Court. Following presentation of appellee's case, appellant moved for directed verdict, arguing that there was no evidence that it failed to pay appellee within ten days of receiving payment from the West Holmes School District. The court overruled the motion for directed verdict, while acknowledging that there was not a paper trail to support the Prompt Pay Act claim. Following submission of the case to the jury, the court entered judgment in accordance with the jury verdict, finding appellant liable to appellee for breach of contract in the amount of $37,542.86, and liable for the same amount for violation of Ohio's Prompt Pay Act, imposing interest at the statutory rate of eighteen percent on the Prompt Pay Act violation. Appellant moved for judgment notwithstanding the verdict solely on the Prompt Pay Act claim. This motion was overruled.
Appellee moved for attorney fees on the Prompt Pay Act judgment. Following a hearing, the court overruled the motion for attorney fees.
We first address the assignments of error on direct appeal.
 I
In its first assignment of error, appellant argues that the court erred in failing to enter directed verdict or judgment notwithstanding the verdict on the Prompt Pay Act claim.
The standard of review for challenges to a court's failure to enter directed verdict or judgment notwithstanding the verdict is identical.Posin v. ABC Motor Court Hotel, Inc. (1976), 45 Ohio St.2d 271, 275. The test is whether the movant is entitled to judgment as a matter of law, construing the evidence most strongly in favor of the non-moving party.Sanek v. Duracote Corp. (1989), 43 Ohio St.3d 169, 172. R.C. 4113.61, also known as the Prompt Pay Act, provides:
 "(A)(1) If a subcontractor or materialman submits an application or request for payment or an invoice for materials to a contractor in sufficient time to allow the contractor to include the application, request, or invoice in his own pay request submitted to an owner, the contractor, within ten calendar days after receipt of payment from the owner for improvements to property, shall pay to the:
 "(a) Subcontractor, an amount that is equal to the percentage of completion of the subcontractor's contract allowed by the owner for the amount of labor or work performed."
Pursuant to this statute, to prove a violation of the Prompt Pay Act, the subcontractor must show that he did not receive payment within ten calendar days after the general contractor received payment from the owner of the property. In the instant case, there is no evidence to demonstrate when, or if, appellant received payment from West Holmes Local School District. The court, while acknowledging lack of a paper trail, found that the jury could infer from the invoices that appellant had received payment from West Holmes High School. Appellee submitted into evidence invoices that had been paid in part or in full by appellant. The court apparently found that from these invoices, for which appellee had received payment from appellant, the jury could infer that appellant must have received money from West Holmes, or it would not have paid appellee. However, the evidence does not support this type of inference as to all the money due on the contract. The jury found appellant liable under the Prompt Pay Act for exactly the same amount due for breach of contract. This amount represents money which appellee claimed it had earned for work completed, but had not been paid pursuant to the final invoice. In the absence of evidence that appellant had been paid by the school district, the jury could not find that appellant failed to pay appellee the final balance within ten calendar days after receiving payment from the school district, and that the amount due under the final invoice was therefore not promptly paid. Based on the lack of such evidence in the record, the court erred in failing to enter directed verdict or judgment notwithstanding the verdict on the Prompt Pay Act claim.
The first assignment of error is sustained.
 II III
Appellants' second and third assignments of error are rendered moot by our disposition of assignment of error I, and are overruled.
We next turn to the assignments of error on the cross-appeal by appellee Johnson Steel.
 I
Cross-appellant first argues that the court erred in granting cross-appellee Iron Worker's motion for summary judgment. Cross-appellant argues that because it was not represented by counsel during the time period in which the motion was granted, the court should not have entered judgment in the absence of legal representation.
Cross-appellant was not entitled to legal assistance in preparing a response to the motion for summary judgment. A civil litigant may not obtain a new trial based on the bare assertion his or her attorney was ineffective. Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, 122,1997-Ohio-401. Civil litigants have no constitutional right to effective assistance of counsel. E.g., Roth v. Roth (1989), 65 Ohio App.3d 768,776.
The first assignment of error on cross appeal is overruled.
 II
In its second assignment of error on cross appeal, Johnson argues that the court erred in overruling its motion for attorney fees on the Prompt Pay Act claim. As we have vacated the judgment on the Prompt Pay Act claim pursuant to assignment of error I on the direct appeal, the assignment of error is rendered moot.
The second assignment of error on cross appeal is overruled.
The judgment in favor of appellee Johnson Steel Erectors, Inc. for breach of contract in the amount of $37,542.86 is affirmed. The summary judgment in favor of appellee/cross-appellee Iron Workers Local 549 550 Fringe Benefit Funds is affirmed. The judgment on the Prompt Pay Act claim in favor of appellee Johnson Steel Erectors, Inc., and against appellant Stanley Miller Construction Company, is vacated. Pursuant to App.R. 12 (B), we hereby enter the judgment the trial court should have entered, and enter judgment in favor of appellant/cross-appellee to Stanley Miller Construction Company on appellee Johnson Steel Erectors, Inc.'s claim for violation of Ohio's Prompt Pay Act.
By GWIN, P.J., FARMER, J., and EDWARDS, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment in favor of appellee Johnson Steel Erectors, Inc. for breach of contract in the amount of $37,542.86 is affirmed. The summary judgment in favor of appellee/cross-appellee Iron Workers Local 549 550 Fringe Benefit Funds is affirmed. The judgment for violation of the Prompt Pay Act in favor of appellee Johnson Steel Erectors, Inc. and against appellant Stanley Miller Construction Company is vacated. Pursuant to App.R. 12 (B), we hereby enter the judgment the trial court should have entered, and enter judgment in favor of appellant/cross-appellee Stanley Miller Construction Company on appellee Johnson Steel Erectors, Inc.'s claim for violation of Ohio's Prompt Pay Act. Costs to appellee Johnson Steel Erectors, Inc.