**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0270n.06
Filed: May 16, 2008

07-3726

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| TRACY L. JOHNSON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| KINDRED HEALTHCARE, INC., a/k/a | ) | SOUTHERN DISTRICT OF OHIO |
| KINDRED NURSING CENTERS EAST, | ) | |
| LLC, d/b/a MINERVA PARK NURSING | ) | |
| AND REHABILITATION CENTER, | ) | |
| Defendants-Appellees. | ) | |

Before: DAUGHTREY, GILMAN, and ROGERS, Circuit Judges.

PER CURIAM. The plaintiff, Tracy Johnson, appeals the district court's grant of summary judgment to the defendant, Kindred Nursing Centers East, LLC, doing business as Minerva Park Nursing and Rehabilitation Center, on Johnson's state-law claim that her employer knew of a dangerous health condition in its facility and intentionally failed to protect her from that known harm. The district court held that Johnson "failed to establish the most salient features of the employer intentional tort: employer's knowledge of the dangerous condition and intentional exposure of the employee to that condition."

The record establishes that while working as a nursing assistant at the defendant's facility, Johnson was unwittingly exposed to methicillin-resistant *staphylococcus aureus*

(MRSA), which is highly infectious, when she went to the rescue of an elderly patient in imminent danger of falling out of bed and, thus, did not have time to don protective gloves that would have prevented her from becoming infected with MRSA. At the time of the plaintiff's contact with the MRSA-infected patient, the nursing facility was unaware of the nature of the patient's infection and, indeed, was not notified that he suffered from MRSA until four days after the plaintiff was diagnosed with MRSA and more than a month after her contact with the patient.

The plaintiff's complaint theorized that the defendant must have known that the infection was MRSA and, therefore, had intentionally and knowingly subjected her to a dangerous condition by allowing her to come into close physical contact with the MRSA-infected patient. Applying Ohio state law, the district court recognized, as have we, that "[i]n most circumstances, an employee injured in the course of employment is limited to redress through the Ohio Workers' Compensation Act. The Workers' Compensation Act, although generally comprehensive, contains certain limited exceptions. One such exception exists for injuries resulting from an employer's intentional tort upon an employee." *Jandro v. Ohio Edison Co.*, 167 F.3d 309, 313 (6th Cir. 1999) (citation omitted).

Under Ohio law, in order to establish that an employer is liable for committing an intentional tort upon an employee, a plaintiff must prove that: "(1) the defendant had knowledge of the existence of a dangerous condition, process, procedure, or

instrumentality, (2) the employer knew with substantial certainty that the employee was likely to suffer harm, and (3) the employer required the employee to perform the job despite its knowledge of the danger." *Id.* (citing *Fyffe v. Jeno's, Inc.*, 570 N.E.2d 1108, 1112 (Ohio 1991)). Furthermore, in *Sanek v. Duracote Corp.*, 539 N.E.2d 1114, 1117 (Ohio 1989), the Ohio Supreme Court emphasized that "[t]he plaintiff has the burden of proving by a preponderance of the evidence that the employer had 'actual knowledge of the exact dangers which ultimately caused' injury." (Citing *Van Fossen v. Babcock & Wilcox Co.*, 522 N.E.2d 489, 501 (Ohio 1988)).

The district court held, correctly, that the plaintiff's case failed on the knowledge prong, noting that Johnson "fail[ed] to point to any facts demonstrating Defendant's *actual* knowledge of an MRSA infection prior to" the time of her own diagnosis. Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the complaint. Because the reasons why summary judgment was appropriately entered for the defendant have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its opinion and order entered on April 23, 2007.