OPINION
{¶ 1} Plaintiff-appellant, Timothy Sloan, appeals the decision of the Madison County Court of Common Pleas granting summary judgment to defendant-appellee, Capitol Manufacturing Co. ("Capitol"), on appellant's employer intentional tort claim. We affirm the decision of the trial court.
 {¶ 2} Appellant sustained an injury in 2000 and subsequently filed an employer intentional tort action against Capitol, his employer at the time of the injury. Capitol moved for summary judgment.
 {¶ 3} For purposes of the summary judgment motion, the following facts were provided. Appellant operated a machine that carved threads on metal pipes. Appellant wore gloves and was instructed to use a pair of pliers to remove metal shavings that were produced during the carving process and had remained on the pipes. A cooling fluid flowed over the chasers, a portion of the machine carving threads into the pipe.
 {¶ 4} Appellant's injury occurred approximately one month after he began working on this particular machine. On the day of the injury, appellant stated that the cooling fluid was flowing more copiously than usual and attempts by Capitol personnel to adjust the flow were unsuccessful. Appellant testified that he complained about his slippery gloves, but he was not permitted to change them. Appellant testified that the pliers he was using to remove shavings slipped from his hand and his gloved hand contacted a metal shaving that sliced his finger.
 {¶ 5} After appellant commenced this action, Capitol moved for summary judgment. The trial court granted Capitol's motion and appellant instituted the instant appeal, setting forth the following assignment of error:
 {¶ 6} "The trial court erred when it granted defendant's motion for summary judgment when plaintiffs [SIC] produced evidence on each of the three intentional tort elements articulated in Fyffe v. Jeno's[.]"
 {¶ 7} Appellant argues that he presented both expert opinion and additional factual evidence to meet all three elements of an employer intentional tort action, thereby defeating a grant of summary judgment.
 {¶ 8} Summary judgment is appropriate pursuant to Civ. R. 56(C) when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v.Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66. Our standard of review on summary judgment is de novo. Jones v. Shelly Co. (1995),106 Ohio App.3d 440, 445.
 {¶ 9} In order to avoid summary judgment, appellant must present evidence to establish all three of the elements required in an intentional tort claim against an employer. The Ohio Supreme Court has articulated these elements as: (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task. Fyffe v. Jeno's (1991),59 Ohio St.3d 115, paragraph one of the syllabus.
 {¶ 10} An employer intentional tort claim requires proof beyond that required to establish negligence or recklessness. Id., paragraph two of the syllabus. Mere knowledge and appreciation of a risk, something short of substantial certainty, is not intent; the intentional tort cause of action is limited to egregious cases. See Sanek v. Duracote, Inc.
(1989), 43 Ohio St.3d 169, 172.
 {¶ 11} The trial court in the case at bar stated that appellant failed to show a link between the dangerous conditions complained of and the actual injury. The trial court noted that prior similar accidents on the subject machine were lacking. See Foust v. Magnum Restaurants, Inc.
(1994), 97 Ohio App.3d 451, 455 (lack of prior accidents alone does not equate to a finding that an accident was not substantially certain to occur, but it is a fact weighing heavily in favor of such a finding). Accordingly, the trial court found that appellant failed to show that Capitol knew appellant's injury was substantially certain to occur.
 {¶ 12} We have reviewed the record in this case, including the testimony of appellant's expert witness, who opined that all three prongs of the Fyffe test were met.
 {¶ 13} Specifically on the second prong, the expert witness supported his conclusion that Capitol knew that harm would be a substantial certainty by concluding that appellant was exposed to the tapping machine's point of operation, there was no guard on the point of operation, "identical accidents" had occurred when hands contacted shavings, employee training on the machine and tools was inconsistent, and coolant flow problems on the day of the injury were not sufficiently remedied.
 {¶ 14} We have not been directed to any evidence in the record that shows that other employees were injured in the manner in which appellant was performing his job. Likewise, we are unaware of evidence in the record that the excessive coolant flow occurred previous to the day of injury.
 {¶ 15} Construing the evidence most favorably for appellant, reasonable minds could come to but one conclusion on the issue of Capitol's knowledge of a substantial certainty of injury, and that conclusion is adverse to appellant.
 {¶ 16} There was no evidence that Capitol had knowledge that if appellant was subjected by his employment to such dangerous process, procedure, instrumentality or condition, that harm to appellant would be a substantial certainty.
 {¶ 17} As we previously noted, negligence or recklessness is not sufficient for an employer intentional tort. Fyffe,
59 Ohio St.3d at paragraph two of syllabus. In order to prove a substantial certainty of harm, appellant must show the level of risk-exposure was egregious.Sanek, 43 Ohio St.3d at 172.
 {¶ 18} Based upon our finding that appellant cannot meet the second prong of Fyffe to defeat summary judgment, it is not necessary that we address the other two parts of the intentional tort action. See, e.g.,Himes v. The Timken Co., Stark App. No. 2003CA00358, 2004-Ohio-4858, at ¶ 36; see Eubank v. Madison Township Trustees (Sept. 23, 1997), Franklin App. No. 96APE12-1693.
 {¶ 19} Appellant's assignment of error is overruled.
 {¶ 20} Judgment affirmed.
Young, P.J., and Powell, J., concur.