OPINION
{¶ 1} Plaintiff-appellant, James Smith (hereinafter "Smith"), appeals the decision of the Hancock County Court of Common Pleas, granting summary judgment in favor of Defendant-appellee, Hancor, Inc., on Smith's employer intentional tort claim.
 {¶ 2} On August 28, 2001, Smith was driving a 1991 Chevrolet truck owned by his employer, Hancor, Inc., in the scope and course of his employment. While on his way to pick up fittings to prepare an order for shipment, Smith ran off the road and the truck struck a tree which resulted in injuries to Smith. Smith maintains that a defective brake pedal prevented him from stopping and caused him to lose control of the truck.
 {¶ 3} On August 26, 2003, Smith and his daughter filed a complaint against Hancor, Inc. alleging an intentional tort. On June 23, 2004, Hancor, Inc. filed a motion for summary judgment claiming that Smith failed to set forth facts to maintain an intentional tort claim. On October 15, 2004, the trial court granted Hancor, Inc.'s motion.
 {¶ 4} It is from the grant of summary judgment that Smith appeals and sets forth one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I As a matter of law, the trial court committed error prejudicial to theplaintiffs-appellants when it granted summary judgment in favor of thedefendant-appellee and against the plaintiffs-appellants.
 {¶ 5} Smith argues herein that the trial court erred in granting summary judgment to Hancor, Inc. because Smith produced evidence sufficient for the trial court to conclude that there were facts in dispute. Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v.Cutlip (1992), 80 Ohio App.3d 487, 491. Civ.R. 56(C) provides that summary judgment may be granted only after the trial court determines: (1) no genuine issues as to any material fact remain to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come but to one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66.
 {¶ 6} In order to avoid summary judgment in an employer intentional tort action, the plaintiff must present evidence to establish three elements. Fyffe v. Jeno's (1991), 59 Ohio St.3d 115, 119, quoting VanFossen v. Babcock Wilcox Co. (1988), 36 Ohio St.3d 100, paragraph seven of the syllabus. The Ohio Supreme Court has articulated these elements as: (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task. Van Fossen, at paragraph one of the syllabus. Because the applicable standard is exceedingly difficult to satisfy, "[t]he intentional tort cause of action is limited to egregious cases." Sanek v. Duracote Corp. (1989), 43 Ohio St.3d 169, 172.
 {¶ 7} In the case sub judice, the trial court determined that Smith set forth sufficient evidence to conclude that Hancor, Inc., on the day of Smith's accident, knew that there was a problem with the brakes on the 1991 Chevrolet truck. The first element is thereby satisfied. However, the trial court found that Smith had not satisfied his burden of proof for the remaining elements to withstand Hancor, Inc.'s motion for summary judgment. Specifically, the trial court determined that Hancor, Inc. did not have knowledge that harm to Smith would be a substantial certainty if he used the truck.
 {¶ 8} In support of its motion for summary judgment, Hancor, Inc. submitted the depositions of twelve employees. In pertinent part, the testimony from these employees regarding the condition of the truck at the time of Smith's accident indicated that there had been problems with the brakes on the 1991 Chevrolet truck several months before the accident, but the problems were thought to have been corrected. Smith, however, testified he drove the truck in question almost every day and had never noticed a problem with it before the day of his accident.
 {¶ 9} The testimony further indicated that John Benroth, a Hancor, Inc. employee who worked first shift, experienced a problem with the brakes on the truck the day of Smith's accident. Benroth testified that he was driving the truck during his shift on that day and, when he hit the brakes, the pedal went to the floor and he had to put the truck in reverse to get it stopped. He further testified that he went in and told Daniel Merwine, a mechanic, and Janine Ketchum, the shift supervisor, that there was a problem with the truck and nobody should drive it. He testified that Ketchum said she would take care of it. Benroth explained that it was the end of the shift at this time and that he left the plant after reporting the problem to Ketchum.
 {¶ 10} Another employee, Aaron Ebersole, testified that he drove the truck after Benroth, but before Smith, on the day of Smith's accident and that he did not experience any problems with the truck.
 {¶ 11} Merwine testified that on the day of Smith's accident he was told that there had been a problem with the brakes on the 1991 Chevrolet truck. Merwine, in turn, told Ketchum that the truck needed to be sent out for servicing and that no one should use it. Despite Benroth and Merwine's statements, Ketchum testified that she did not remember if she was told there was a problem with the brakes on the 1991 Chevrolet truck on the day of Smith's accident.
 {¶ 12} Smith testified that on the day of his accident he started work at 3:00 p.m. Around 9:00 p.m. he was preparing a shipment and needed to go to Hancor, Inc.'s "north plant" to pick up fittings for that shipment. Smith got in the 1991 Chevrolet truck to pick up the fittings. He stated that the truck was parked outside the loading dock. Smith got in the truck and backed the truck up to turn around. He applied the brake and shifted the truck into drive. Smith drove out of the plant and toward the road. When he came to the road, Smith applied the brake and turned right. Approximately half the distance to the "north plant", Smith came upon two vehicles stopped at an intersection. He applied the brake and the pedal went to the floor. Smith testified that he panicked, downshifted, then shifted into park and tried to turn the ignition off. Smith stated, "before I knew it I was in a tree." As a result of this accident, Smith sustained injuries.
 {¶ 13} In this assignment of error, Smith specifically asserts that he produced sufficient evidence for the trial court to infer that, due to the condition of the 1991 Chevrolet truck, Hancor, Inc. knew that there could be a loss of control that could result in injury to an employee. Smith claims that the trial court placed too much emphasis on the fact that there had been no previous injuries to employees driving the truck upon concluding that Hancor, Inc. did not know, to a degree of substantial certainly, that injury would result to an employee who operated the 1991 Chevrolet truck. Instead, Smith maintains that there is an issue of fact as to what Hancor, Inc. knew about the condition of the truck and whether employees could safely operate it.
 {¶ 14} It is clear from the evidence presented that Hancor, Inc. had knowledge that the brakes on the 1991 Chevrolet truck had malfunctioned on the day of Smith's accident. The issue before this court, therefore, is whether Smith produced sufficient evidence to establish the second and third elements of an intentional tort claim against an employer, specifically, that Hancor, Inc. knew that injury to an employee who drove the truck was a substantial certainty and, with that knowledge, required Smith to drive the truck.
 {¶ 15} The Ohio Supreme Court defined the "substantially certain" requirement in Fyffe at paragraph two of the syllabus:
[P]roof beyond that required to prove negligence and beyond that toprove recklessness must be established. Where the employer acts despitehis knowledge of some risk, his conduct may be negligence. As theprobability increases that particular consequences may follow, then theemployer's conduct may be characterized as recklessness. As theprobability that the consequences will follow further increases, and theemployer knows that injuries to employees are certain or substantiallycertain to result from the process, procedure or condition and he stillproceeds, he is treated by the law as if he had in fact desired to producethe result. However, the mere knowledge and appreciation of a risk —something short of substantial certainty — is not intent. Fyffe v.Jeno's (1991), 59 Ohio St.3d 115, 119.
 {¶ 16} Evidence of prior accidents involving the condition at issue is one factor to be considered under the Fyffe analysis. Van Fossen, supra,36 Ohio St.3d at 118. In reviewing whether the employer knew the harm to the employee was a substantial certainty, however, courts should focus not only on the existence of prior similar incidents, but also "on the employer's knowledge of the degree of risk involved." Goodin v. ColumbiaGas of Ohio, Inc. (2000), 141 Ohio App.3d 207, 221.
 {¶ 17} While an employee need not demonstrate that the employer actually intended the exact harm to occur, "substantial certainty" is more than an employer's mere knowledge that such a condition presented a high risk of harm or danger. Cope v. Salem Tire, Inc., 7th Dist. No. 2001 CO 10, 2002-Ohio-1542; Van Fossen v. Babcock Wilcox Co. (1998),36 Ohio St.3d 100, 117. What actually constitutes a "substantial certainty" varies from case to case, but an employee must always show that the employer's actions were more than merely negligent, or even reckless. Van Fossen, at 117.
 {¶ 18} The evidence, in the case sub judice, establishes that a mechanic and a shift supervisor were told, on the day of Smith's accident, there were problems with the brakes on the 1991 Chevrolet truck and that it should not be used. It is undisputed that no one acted to take the truck out of service or to alert the employees about the brakes. Evidence was introduced after the problem was reported, however, that an employee drove the truck and did not experience any problems with the brakes. While the employer's actions may be considered negligent or even reckless, we cannot find that the facts presented indicate that Hancor, Inc.'s knowledge of the degree of risk involved rose to a level of substantial certainty. The evidence that at least one employee had driven the truck without incident after the problem had been reported and that the brakes were operational when Smith started out for the "north plant" militates against a conclusion that Hancor, Inc. would know, to a degree of substantial certainty, that its employee would be injured by using the 1991 Chevrolet truck.
 {¶ 19} Even if we were to assume that Hancor, Inc. knew, to a degree of substantial certainty, that injury would result from an employee's use of the 1991 Chevrolet truck, we find that Smith failed to produce sufficient evidence that Hancor, Inc., with knowledge of the truck's defective brakes and that injury was a substantial certainty, acted to require Smith to continue to drive the truck. Consequently, the third element of the employer intentional tort action has not been satisfied.
 {¶ 20} The Ohio Supreme Court has stated that in an action alleging a workplace intentional tort, a plaintiff need not demonstrate that the employer expressly ordered the employee to engage in a dangerous task.Hannah v. Dayton Power Light Co. (1998), 82 Ohio St.3d 482. Rather, a plaintiff can overcome a motion for summary judgment on the third element by presenting evidence that raises an inference that "the employer, through its actions and policies, required the employee to engage in the dangerous task." Id.
 {¶ 21} In his deposition, Smith stated that there were three trucks available for him to use to pick up fittings for the shipment he was preparing on the day of his accident. Based on the size of the fittings he had to pick up, however, Smith chose to take the 1991 Chevrolet truck because he could get the most fittings in it.
 {¶ 22} We do not find that this evidence raises an inference that Hancor, Inc. required Smith to use the 1991 Chevrolet truck after problems had been reported with it. On the contrary, Smith himself stated that there were two other trucks available to perform the task.
 {¶ 23} Based on the foregoing and construing the evidence most strongly in favor of Smith, we find, as did the trial court, that Smith produced enough evidence to satisfy only one of the three elements of an employer intentional tort claim. Therefore, we hold that the trial court did not err in granting summary judgment to Hancor, Inc.
 {¶ 24} Smith's assignment of error is overruled.
Judgment affirmed.
 ROGERS, J., concurs.