DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a summary judgment granted by the Lucas County Court of Common Pleas, Probate Division, in favor of appellee regarding an employer intentional tort claim. Because we conclude that the trial court properly granted summary judgment, we affirm.
 {¶ 2} Appellant, David G. Bermejo, as the administrator of the estate of Raymond Bermejo, filed a wrongful death action against appellee, StoneCo, Inc. ("StoneCo"), alleging an employer intentional tort claim. The suit stemmed from events which led to Raymond's death while he was employed by appellee. Appellee filed a motion for summary judgment, which appellant opposed. The following facts were presented to the trial court in depositions, exhibits, affidavits, and other documents.
 {¶ 3} On December 9, 2002, Raymond Bermejo, then age 47, was employed by StoneCo and was working at its Ottawa Lake quarry site. Bermejo was part of a five-man crew which was assigned to dismantle a catwalk as part of the company's scheduled "maintenance day." At a 6:00 a.m. safety meeting at the beginning of the shift, crew members were told that, before attempting to dismantle the framework, they were to remove stone dust and other debris which had collected on the catwalk surface, using a jackhammer if necessary. The catwalk framework itself, when cleared, could be easily carried by two or three men. The layer of encrusted limestone material on the catwalk added an estimated 1,450 pounds of weight to the structure. Each crewman was assigned to certain individual maintenance projects, but, after completing those, the five men were to dismantle the catwalk as a team.
 {¶ 4} Randy Mapes and Cory Coutchure, both senior members of the crew, testified in depositions that no one was to attempt to dismantle the lower catwalk framework before it was cleared of debris. Coutchure stated that he and Matt Corbine, another crewman, left the site briefly to retrieve straps needed to move the catwalk during the dismantling process. Before leaving, Coutchure instructed Bermejo to cut the handrails from the top of the catwalk, using a grinder, and when he was finished, to "go up and grab a cup of coffee." Another crewman, Dennis Duncan, said that, approximately 10 to 15 minutes before the accident, he saw Bermejo with a coffee cup walking up the stairs away from the catwalk into the "crusher shanty" where coffee was dispensed.
 {¶ 5} After about 15 minutes, Coutchure and Corbine returned with the straps and another tool and saw Mapes waving at them to come to the catwalk site. Coutchure saw Bermejo trapped under the catwalk, but could not lift it off because the stone debris was too heavy. Bermejo had apparently been using an acetylene torch to cut bolts on the supports beneath the catwalk, which had then collapsed, falling across his body. Coutchure said Bermejo had no pulse and was not breathing. The catwalk was then lifted from Bermejo's body using a "bobcat" and the straps. EMT personnel responded and transported Bermejo to a local hospital, where he was pronounced dead.
 {¶ 6} The trial court granted summary judgment in favor of StoneCo, determining that, under Fyffe v. Jeno's, Inc. (1991),59 Ohio St.3d 115, appellant failed to establish the third prong of the Fyffe test, that the employer required Bermejo to perform a dangerous task. Noting that, even if StoneCo had failed to adequately supervise or train Bermejo, these actions constituted negligence which would be "insufficient to create liability for a workplace intentional tort."
 {¶ 7} Appellant now appeals from that judgment, arguing the following sole assignment of error:
 {¶ 8} "The trial court erred in granting summary judgment for defendant StoneCo, Inc. since there are genuine issues of material fact with respect to the third element of Fyffe v.Jeno's, Inc.; i.e., the "required" element, which make[s] summary judgment inappropriate."
 {¶ 9} The standard of review of a grant or denial of summary judgment is the same for both a trial court and an appellate court. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. Summary judgment will be granted if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of facts, if any, * * * show that there is no genuine issue as to any material fact" and, construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C).
 {¶ 10} A motion for summary judgment first compels the moving party to inform the court of the basis of the motion and to identify portions in the record which demonstrate the absence of a genuine issue of material fact. If the moving party satisfies that burden, the nonmoving party must then produce evidence as to any issue for which that party bears the burden of production at trial. Civ.R. 56(C); Dresher v. Burt (1996), 75 Ohio St.3d 280,295, limiting Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, paragraph three of the syllabus. Finally, an appellate court reviews summary judgments de novo, independently and without deference to the trial court's determination. Brownv. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711.
 {¶ 11} To establish an employer intentional tort, an employee must demonstrate the following: "`(1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task.'" Hannah v.Dayton Power Light Co. (1998), 82 Ohio St.3d 482, 484, quotingFyffe v. Jeno's, Inc. (1991), 59 Ohio St.3d 115, paragraph one of the syllabus. "[P]roof beyond that required to prove negligence and beyond that to prove recklessness must be established. Where the employer acts despite his knowledge of some risk, his conduct may be negligence. As the probability increases that particular consequences may follow, then the employer's conduct may be characterized as recklessness. As the probability that the consequences will follow further increases, and the employer knows that injuries to employees are certain or substantially certain to result from the process, procedure or condition and he still proceeds, he is treated by the law as if he had in fact desired to produce the result. However, the mere knowledge and appreciation of a risk — something short of substantial certainty — is not intent." Fyffe, supra, at paragraph two of the syllabus.
 {¶ 12} All three prongs of the Fyffe test must be satisfied to withstand a motion for summary judgment against claims that an employer committed an intentional tort against an employee.Adams v. Casey Sales Serv. (Dec. 6, 1996), 6th Dist. No. WD-96-030. The burden is upon the plaintiff to establish proof of the intentional tort beyond that required to prove negligence or recklessness. Fyffe, supra, paragraph two of the syllabus. An employer is treated as if he had intended to cause injury to the employee "only when a reasonable person could infer from the surrounding circumstances that the employer, with knowledge of a risk of certain injury from a dangerous condition, still requires an employee to perform the dangerous procedure." Youngbird v.Whirlpool Corp. (1994), 99 Ohio App.3d 740, 747, citing Fyffe,
supra, at paragraph two of the syllabus. See also, Sanek v.Duracote Corp. (1989), 43 Ohio St.3d 169, 171-172. Evidence that an employer implicitly required an employee to engage in a dangerous task may satisfy the third prong of Fyffe. Hannah v.Dayton Power Light Co. (1998), 82 Ohio St.3d 482, 487. Nevertheless, an employer cannot be expected to anticipate an employee's actions that lead to an injury where that employee has alternative means of proceeding available to him. Van Fossen v.Babcock Wilcox Co. (1988), 36 Ohio St.3d 100, 118.
 {¶ 13} In this case, material issues of fact may arguably exist as to the first prong of Fyffe, i.e., whether the dismantling of the catwalk represented a known dangerous condition. We have more difficulty, however, in finding that appellant established the second prong of Fyffe, i.e., that injury was substantially likely to occur if the employee was subjected to this danger. No previous incidents had ever occurred, and, if initially cleared of limestone build-up, as instructed, the dismantling would not have constituted a dangerous condition. Nevertheless, even presuming for the sake of argument that a material question of fact remains as to prong two, we conclude that appellant failed to create a material issue of fact as to Fyffe's third prong.
 {¶ 14} To establish the third prong of Fyffe, appellant had to submit evidence showing that, despite its alleged knowledge of the exact danger and that it was substantially certain that Bermejo would be harmed, StoneCo required Bermejo to perform the dangerous actions which caused his death or would have reasonably expected him to do so. Testimony was presented that one of the crewmen may have shown Bermejo which bolts needed to be cut off from the catwalk frame. Appellant essentially contends that, by virtue of Bermejo's mere presence under the catwalk with the acetylene torch, that an inference can be made that StoneCo required him to perform a dangerous procedure. Our review of the testimony and evidence presented, however, does not support this inference.
 {¶ 15} Upon complete review of the record, the evidence and testimony presented simply do not establish that Bermejo was required or expected to cut the bolts on the catwalk support at the time or in the manner that he chose to do so. In fact, the evidence shows exactly the opposite: that Bermejo was present when crew members were informed that the limestone build-up was to be removed before dismantling the catwalk, that he was familiar with and trained to use various tools, including a grinder and an acetylene torch, and that he was specifically instructed to wait for other crew members after removing the handrails. At some point, Bermejo decided to disregard those instructions and, tragically, failed to recognize or appreciate the danger of his actions in cutting the support bolts from the otherwise unsupported stone-encrusted catwalk. He was provided with an alternative means of proceeding, but began dismantling the catwalk instead of waiting for the arrival of other crew members. No evidence was presented that Bermejo's dangerous actions were influenced by anything but his own decision or that StoneCo should have anticipated them.
 {¶ 16} Appellant also claims that StoneCo failed to adequately train or supervise Bermejo, which caused the accident. Even if presumed to be true, at most, such actions may constitute negligence, which is insufficient to establish a claim for employer intentional tort. In requiring the limestone build-up to be removed from the catwalk prior to dismantling it, StoneCo appreciated the potential for danger and attempted to prevent injury to its employees. Nothing in the record shows that StoneCo either explicitly or implicitly required any of its employees to work in an unsafe manner or required them to perform unsafe procedures. Therefore, we conclude that appellant has not met the necessary proof as to the third prong of the Fyffe employer intentional tort test. Therefore, we conclude that summary judgment was properly granted, since no genuine issues of material fact remain in dispute and appellee was entitled to judgment as a matter of law.
 {¶ 17} Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 18} The judgment of the Lucas County Court of Common Pleas, Probate Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Singer, P.J. Skow, J. Parish, J. concur.